Juan M. VAZQUEZ, Appellant

v.

David RAGONESE; Devon Brown; Katherine Ireland; Rayford Johnson; Mark Yajcaji; Michael Powers; Offei (Unknown); Davis (Unknown); Steven Johnson; Charles Leone; Rina L. Terry; Georgescu (Unknown); Caldwell (Unknown); Sco. Cotto (Unknown); Bailey (Unknown); Roy Hendricks; Samuel Atchison; John Doe; Jane Doe; Brian Bonomo.

No. 05–1203.

United States Court of Appeals,
Third Circuit.

Submitted July 21, 2005.

Decided Aug. 4, 2005.

On Remand from the Supreme Court of
the United States Feb. 20, 2007.

Submitted Upon Remand on
March 30, 2007.

Filed May 3, 2007.

Juan M. Vazquez, Bridgeton, NJ, pro se.

Nicole S. Morris, Dechert, Philadelphia, PA, Walter C. Kowalski, Office of Attorney General of New Jersey, Division of Law Richard J. Hughes Justice Complex, Trenton, NJ, for Appellees.

Before: RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Before us on remand is Juan Vazquez's appeal from an order of the United States District Court for the District of New Jersey, granting defendants' summary judgment motion and dismissing his civil rights complaint without prejudice for failing to exhaust administrative remedies on all claims. On August 4, 2005, we entered judgment affirming the District Court. Vazquez filed a petition for a writ of certiorari with the United States Supreme Court. On February 20, 2007, the Supreme Court granted his petition, vacated our judgment in this case and remanded the proceeding to our Court for further consideration in light of *Jones v. Bock,* 549 U.S. ——, 127 S.Ct. 910, 166 L.Ed.2d 798

(2007). For the reasons that follow, we will vacate the order of the District Court entered December 17, 2004, and remand for further proceedings.[1]

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate has exhausted available administrative remedies. Here, the District Court determined that Vazquez had "exhausted his administrative remedies only with respect to his allegations of retaliation, as set forth in paragraphs six of the Parties section and paragraph twelve of the Statement of Claims of Plaintiff's Complaint." The Court found that Vazquez "failed to exhaust his available administrative remedies with respect to all other claims raised herein, particularly his claims that he was threatened by staff at [the Garden State Youth Correctional Facility]." The District Court dismissed the action without prejudice to give Vazquez the opportunity to submit his claims to the prison administration, or to abandon his unexhausted claims and proceed only on the exhausted claims.

In *Jones*, the Court held that the PLRA does not contain a "total exhaustion rule;" in other words, where a complaint contains both exhausted and unexhausted claims, the Court may simply proceed with the exhausted claims and dismiss the unexhausted ones rather than dismissing the entire complaint because of some unex-

---

1. Vazquez' notice of appeal stated that he is also appealing orders entered earlier in the case. We will affirm the following orders for the reasons stated by the District Court: (1) order entered February 9, 2004 (dismissing defendants Judge Garrett E. Brown, Jr. and District Clerk Supervising Deputy Clerk Michael Shanklin, on the basis of judicial immunity and quasi-judicial immunity); (2) order entered June 23, 2004 (dismissing claims against David Ragonese, Steven Johnson,

hausted claims. *Jones*, 127 S.Ct. at 925–26. We therefore will vacate the District Court's December 17, 2004 order and remand for further proceedings consistent with *Jones*.

Mark Yajcaji and Rina Terry on the grounds of absolute immunity; dismissing procedural due process claim for lack of a protected liberty interest, and dismissing claims against all defendants in their official capacities); and (3) order entered September 15, 2004 (denying without prejudice Vazquez' motion for appointment of counsel). We note that on May 31, 2005, the District Court also denied Vazquez' motion for reconsideration; however, Vazquez has not appealed that order.